## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

DOW CHEMICAL EMPLOYEES
CREDIT UNION,

     *Plaintiff*,               CASE NO. 14-cv-14038

*v.*                        DISTRICT JUDGE THOMAS LUDINGTON
                         MAGISTRATE JUDGE PATRICIA T. MORRIS

BRENDA L. GEILING,

     *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **REMANDED** to state court because this Court lacks subject matter jurisdiction.

## II.   REPORT

### A.   Introduction and Procedural History

On May 15, 2014, Plaintiff Dow Chemical Employees Credit Union ("Dow") filed suit in the Bay County Circuit Court against Defendant alleging two simple counts. (Not. of Removal, Doc. 1.) First, Dow asserted that Defendant owed $70,275.44 on a promissory note; part of that figure included fees incurred repossessing the collateral. (*Id.*) Second, Defendant allegedly owed $227.00 on a second promissory note. (*Id.*) Defendant apparently received the complaint and summons on September 25, 2014. (*Id.*) Less than a month later, on October 21, Defendant filed the Notice of Removal. (*Id.*) Judge Thomas L. Ludington referred pretrial matters to the undersigned magistrate on October 29, 2014. Currently before the Court is Plaintiff's motion to remand the case back to state court. (Mot. to Remand, Doc. 6.)

The parties are also currently involved in a pending suit before this Court. *Geiling v. Wirt Fin. Servs.*, No. 14-cv-11027 (E.D. Mich). There, Ms. Geiling is one of two plaintiffs suing Dow, among others. (Case No. 14-11027, Doc. 18.) The only federal claim in her complaint comes under the Fair Credit Reporting Act ("FCRA") and alleges that Dow received and furnished her credit report while it attempted to repossess the collateral for this loan in a state court action against a third party. (*Id.* at 14-15.) In a proposed amended complaint that the Court has not yet ruled on, Ms. Geiling has sought to add a claim that Dow violated her constitutional right to due process by not joining her in its lawsuit to repossess the collateral.[1] (Case No. 14-11027, Doc. 71 at 23-24.)

Defendant premises her two arguments against remand on the pending federal case. (Resp. to Mot., Doc. 10.) First, she asserts that this case can be removed because the Court can exercise supplemental jurisdiction over it by virtue of the current federal case. (*Id.* at 7-13.) Her second contention is essentially the same, dressed in different garb. She claims that the Court has jurisdiction because Plaintiff's complaint presents a substantial federal question. (*Id.* at 13-17.)

Defendant also adds a murky third argument that the Court "has discretion to dismiss a case on the basis of threshold issues before resolving questions of subject-matter jurisdiction." (*Id.* at 17-19.) It is not clear what Defendant is asking for in this claim. She mentions that the Court can "dispose of this case" by determining "that this second instant debt collection case is unconstitutional and a violation of the FDCPA . . . ." (*Id.* at 17.) However, the page-and-a-half

---

[1] Defendant contends that she "has already made a claim against the Plaintiff Dow . . . for violation of the [Fair Debt Collection Practices Act ("FDCPA")] for stating a debt they know is false in Geiling v. Wirt et. al. [sic]." (Doc. 10 at 15.) Apparently, she refers to her proposed amended complaint, which in two lines references the FDCPA. (Case No. 14-11027, Doc. 71 at ¶¶ 4, 77.) A reasonable reading of the proposed complaint would not interpret it to include any independent claim under the FDCPA. The two brief mentions of that statute are not one of the ten numbered "Counts," and Plaintiff discusses it only in conjunction with the FCRA. Thus, no FDCPA claim is currently pending in that case, and none would be if the motion to amend is granted.

devoted to the argument merely recapitulates the litigation's history. The only law cited is a case that discusses the substantial-federal-question doctrine. (*Id.* at 17 (*Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873 (W.D. Tenn. 2013)). The Court therefore cannot untangle this claim and address it in depth.

## B.    Governing Law

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The removal statute, 28 U.S.C. § 1441, allows state court defendants to remove "any civil *action*" to a federal district court that has "original jurisdiction" to hear that "*action*." It is well established that the statute thus permits removal only when the district court can exercise original jurisdiction over the precise action in state court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (same). Only two bases of original jurisdiction exist, either federal question jurisdiction or diversity jurisdiction. The first provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second, under 28 U.S.C. § 1332, creates diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds $75,000. If the Court lacks subject matter jurisdiction over a case removed to it, "the case shall be remanded" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

3

This statutory structure necessarily precludes defendants from removing the case to federal court on any other jurisdictional ground. Supplemental jurisdiction under 28 U.S.C. § 1367 is one such prohibited basis. It is premised on the district courts' already having "original jurisdiction" over an action, and merely allows the courts to hear "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). Courts exercise this jurisdiction where the "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Whatever the claims' relationship, the statute clearly is not a grant of original jurisdiction. *Ahearn*, 100 F.3d at 456.

Accordingly, courts have long held that they will not allow removal where the only basis for jurisdiction over the state action is supplemental jurisdiction; this holds even if the court could exercise supplemental jurisdiction over that action had it been first filed in federal court. *See, e.g.*, *Ahern*, 100 F.3d at 456 (collecting cases and holding, "a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute . . . even if the action which a defendants seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction"); *Wrobbel v. Asplundh ConstructionCorp.*, 549 F. Supp. 2d 868, 876-77 (E.D. Mich. 2008) (same); *Port Authority of N.Y. & N.J. v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D. N.Y. 2006) (same); *McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D. N.Y. 2001) (same); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.*, 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) (same); *see also* 14B Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3721 (4th ed. 2009) ("This requirement that all of the conditions for original

jurisdiction must be satisfied [before removal is allowed] has been enforced in innumerable cases, decided by courts at all levels of the federal judiciary.").

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of America, Inc*., 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts have limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc*., 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc*., 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Cases "aris[e] under" federal law, providing federal question jurisdiction, in two ways. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013). First, a federal law can create the plaintiff's cause of action. *Id.* Thus, in *American Well Works Co. v. Layne & Bowler Co.*, Oliver Wendell Holmes, Jr. wrote, "A suit arises under the law that creates the cause of action." 241 U.S. 257, 260 (1916). The readily apparent origin of the claim, state or federal, decides jurisdiction. Second, the Supreme Court has established that, in a narrow class of cases, federal jurisdiction exists where an important federal issue lies entangled at the heart of a state claim. *Gunn*, 133 S.Ct. at 1064-65. The first path is by far the more common.

The basic rule guiding the analysis along both paths, called the well-pleaded complaint rule, determines the issue based on the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). *See also Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust*,

491 F.3d 320, 325 (6th Cir. 2007). That is, "[i]f the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar*, 482 U.S. at 393. A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

Fixing the scope of the second path has proven vexing. State and federal legal issues often intertwine, obscuring the disputed law at stake in the plaintiff's complaint. Holmes proposed in vain his simple and clear rule from *American Well Works* as the solution for this issue. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 214 (1921) (Holmes, J., dissenting) ("But it seems to me that a suit cannot be said to arise under any other law than that which creates the cause of action. . . . [F]or it is the suit, not a question in the suit, that must arise under the law of the United States."). The operative holding in *Smith*, however, was only slightly broader, allowing jurisdiction where it "appears from the [complaint] that the right to relief depends upon the construction or application of the Constitution or laws of the United States . . . ." *Id.* at 199 (majority opinion).

Subsequent cases tinkered with the bounds of that rule, "trimming" it and "shying away from the expansive view that the mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable & Sons Metal Products, Inc. v. Darue Eng'g& Mfg.*, 545

U.S. 308, 313 (2005). In what the Sixth Circuit has characterized as an exception to the well-pleaded complaint rule, *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007), the Supreme Court developed the substantial-federal-question doctrine to answer when a case satisfies the second branch to "arising under" jurisdiction. *Gunn*, 133 S.Ct. at 1065 (citing *Grable*, 545 U.S. at 314). The current test finds "jurisdiction over a state law claim . . . if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

The doctrine hews closely to the well-pleaded complaint rule, and does not jettison the requirement that no matter how substantial the federal question, it must still appear in the elements of the plaintiff's claim. *See Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756-57 (E.D. Ky. 2014). As the rule states, it is the plaintiff's claim that must "necessary raise[]" the federal issue. For example, the state-law claim may contain an element requiring the plaintiff to prove the defendant violated a federal statute, *see Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 817 (1986), or the complaint may reference a violation of public policy based on federal law, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006). At base, "the disputed question of federal law" must be "a necessary element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd.*, 463 U.S. at 13; *see also Jenkins*, 984 F. Supp.at 879-80 (holding that the plaintiffs' state-law claims raised a federal issue because the success of those claims necessarily raised and turned on whether the defendants violated federal statutory requirements). In other words, the federal issue must be wrapped up in the complaint; it is not enough that the plaintiff might ultimately lose based on a federal defense.

**C.     Analysis**

7

Defendant's first argument fails outright. The Court cannot exercise jurisdiction over this case based on supplemental jurisdiction. Moreover, even if this case were properly filed in federal court, Dow's claims appear to be, at most, distant kin with Plaintiff's FCRA argument. To prevail in this case, Dow must show Defendant entered into a loan agreement and defaulted. It will also attempt to prove the costs of repossession, some of which came from a lawsuit against a third party. In contrast, to prevail on its FCRA case, Defendant will have to show that Dow used her credit report for an impermissible purpose. 15 U.S.C. § 1681b. A few facts might overlap, but the operative facts surrounding the legal elements are significantly different. Thus, Defendant's contention would likely fail on its own grounds.

Nor does Dow's complaint present any federal question. Again, to press its case, Dow must present facts that Defendant entered into the loan agreement and failed to pay. It has not cited any federal statute or law that relates to the claim or that must be argued to prevail. *Cf. Merrell*, 478 U.S. at 817; *Eastman*, 438 F.3d at 553. Nothing in the complaint, even under the most strained reading, reaches federal law. The only factual convergence of the cases might come when Dow attempts to prove its repossession costs. It will no doubt seek the expenses it incurred in its suit against the third party. But Defendant's current complaint in its case against Dow does not affect that claim, for it raises no federal law questioning the validity of any part of those proceedings. (Case No. 14-11027, Doc. 18.) Even its proposed amendment would leave Dow's case untouched. Plaintiff there simply asserts that Dow, during its repossession lawsuit, violated her due process rights by not making her a party. (Case No. 14-11027, Doc. 71 at 23-24.) But here, Dow does not have to show as an element of its case that it did not violate her due process rights. At most, Defendant could raise it as some sort of defense to paying a portion of the fees charged. But

potential defenses do not provide grounds for federal jurisdiction. *Caterpillar*, 482 U.S. at 393. Quite simply, no federal issue need be decided at all, let alone a substantial one.

### D. Fees

Plaintiff has asked for fees it incurred during the removal. (Doc. 6 at Pg ID 44.) The removal statute allows courts to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court extensively discussed this provision in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The Court noted that the statute leaves courts discretion to impose fees and, moreover, unlike many similar statutes, does not put a "heavy congressional thumb on either side of the scales." *Id.* at 139. That is, nothing in the statutory text indicates "fees . . . should either usually be granted or usually denied." *Id.* The Court then crafted the principle guiding fee determinations: "We hold that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. Applying this rule, the Sixth Circuit has stated, "In general, objectively unreasonable removals should result in fee awards to plaintiffs." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008). Accordingly, that court upheld a fee award where the complaint alleged only state-law claims. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). The defendants' substantial-federal-question argument failed because, "[a]t most . . . [defendants] may have been aware that certain federal counterclaims or defenses were available to them," but no other federal issues were present. *Id.*

A party's *pro se* status affects the fee decision. The Ninth Circuit considered the status when analyzing the reasonableness of removal, noting that "[a] reasonable litigant in [defendant's]

9

position could have concluded federal court was a proper forum . . . ." *Assocs. Nat'l Bank v. Erum*, 206 F. App'x 666, 668 (9th Cir. 2006); *see also Cleveland Bar Ass'n v. Woods*, No. 5:06 CV 462, 2006 WL 721781, at *4 (N.D. Ohio Mar. 20, 2006) ("The Court finds that removal was reasonable in this case due to the unique status of *pro se* representation in IDEA cases."). Many courts mention the status as a reason for not imposing fees, particularly where the party clearly lacked the ability to navigate the statutes, cases, and rules. *See, e.g.*, *Heynen v. Give Life Found.*, No. 3:08-cv-253, 2008 WL 4372969, at *2 (E.D. Tenn. Sept. 22, 2008) ("[I]t is apparent . . . that he attempted to read the statutes and simply lacks sufficient legal knowledge to understand the applicable statutory provisions, case law, and rules."). In a case similar to the present one, a *pro se* party removed a state case to the federal court overseeing a suit involving some of the same parties. *Struve v. Raz*, 105 F.3d 655, 1996 WL 762901, at *1 (5th Cir. 1996). The removal notice did not state any legal grounds. The district court, later upheld by the Fifth Circuit, refused to impose sanctions against a "*pro se* defendant who was apparently confused about the law of supplemental jurisdiction" in the removal context. *Id.*

Numerous other courts have charged *pro se* parties with § 1447(c) fees and costs. *See Baby C v. Price*, 138 F. App'x 81, 84 (10th Cir. 2005) ("That the Prices are *pro se* litigants does not prevent the court from imposing sanctions."); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) ("That Mr. Johnson is a pro se litigant does not prevent the court from imposing sanctions."); *Willshire Terrace Corp. v. Pierson*, 139 F.3d 910, 1998 WL 80361, at *1 (9th Cir. 1998) (unpublished table decision) (same); *Milliken & Co. v. Ali*, 14 F.3d 52, 1993 WL 560266, at *1 (5th Cir. 1993) (same); *Wilson v. Acacia Dermatology*, No. 1:11-0069, 2011 WL 4343789, at *3 (M.D. Tenn. Sept. 14, 2011) (same). One consideration, although by no means a prerequisite

to avoiding fees, is the party's good faith. One of the only courts in this Circuit to grant § 1447(c) fees against a *pro se* party noted uncontroverted evidence that the party's removal was an attempt to foist costs on the other side. *Brooks v. Miami Valley Hosp.*, No. 3:11-cv-318, 2012 WL 12758, at *3 (S.D. Ohio Jan. 4, 2012) (Report & Recommendation); *see also Brooks v. Miami Valley Hosp.*, No. 3:11-cv-318, 2012 WL 3636938, at *1-2 (S.D. Ohio Aug., 2012) (adopting fee proposal).

Here, Defendant's bases for removal were strained and unpersuasive, tempting the Court to recommend awarding Dow fees. Whether they were objectively unreasonable is a close question. Defendant is not a novice in federal court. She has filed nearly twenty briefs and motions in the current federal case, stuffed with citations to statutes, cases, and regulations. (Case No. 14-11027, Docs. 41-43, 49, 52, 55-57, 62, 64, 68-69, 71, 82-86.) Nonetheless, the flaws in her current argument betray fundamental misconceptions of jurisdictional law that are perhaps understandable in this complicated area for one without the requisite legal background. Additionally, while bad faith is unnecessary to impose fees, there is no indication Defendant removed the case to harass Dow or needlessly extend the proceedings. She no doubt saw the similarity between the cases, consulted the supplemental jurisdiction statute, and missed the interaction between it, the removal statute, and jurisdiction law in general. I therefore recommend denying fees.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28

U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 11, 2014                    /S PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge